IN THE

# SUPREME COURT OF TENNESSEE,

FOR THE

# WESTERN DIVISION.

JACKSON, APRIL TERM, 1887.

CHESAPEAKE, OHIO & SOUTHWESTERN RAILROAD
COMPANY *v.* WELLS.

(*Jackson.* April 5th, 1887.)

RAILROADS. *Passenger's rights and duties. Surrender of ticket. Seat in
reserved coach. Mulatto.*

A railroad company is not liable in damages to a mulatto passenger,
who, having declined a seat in a coach free to persons of both sexes,
regardless of race or color, and equal in all respects to any coach in
the train; and having also refused to surrender her ticket unless ad-
mitted to a seat in another coach reserved exclusively for white ladies
and their gentlemen attendants; quits the train, of her own accord,
on being informed by the conductor of his purpose to eject her, on
account of her refusal to surrender her ticket.

(See Code (M. & V.), §§ 2364–2367.)

(See Memphis & Charleston Railroad Company *v.* Benson, *post.*, p. 627,
citing and explaining this case.)

---

### FROM SHELBY.

---

Appeal in error from Circuit Court of Shelby
County. J. O. PIERCE, J.

Action begun before a Magistrate, by a mulatto, against the Chesapeake, Ohio & Southwestern Railroad Company for an alleged violation or withholding of her rights as a passenger on one of defendant's trains.   Judgment before the Magistrate, and also in Circuit Court upon trial without a jury, against the railroad company.   The company appealed.

HOLMES CUMMINS for Railroad Company.

GREER & ADAMS, and T. F. CASSELLS, for Wells.

TURNEY, C. J.   On 4th May, 1884, defendant in error, a mulatto, purchased of plaintiff in error a ticket over its road from Woodstock to Memphis, a distance of ten miles.   She passed through the front car to the platform, where she was stopped by the conductor and told to take a seat in the front car.   She refused to give up her ticket unless allowed a seat in the rear car.   The conductor told her he would have to put her off.   The train was stopped at about 400 yards, when she was politely assisted from the car by a colored porter. She left the train of her own accord because not allowed to pass within the rear car.   Persons of either sex were allowed in the front car without regard to color or race.   She says she saw one person smoking in that car, and that it was filled with tobacco smoke; while another passenger says there was no one smoking, nor was there any tobacco smoke.   There were only six passengers in

the front car, one of them a woman. The rear car was set apart for white ladies and their gentlemen attendants.

The two coaches were alike in every respect as to comfort, convenience, and safety; were furnished and equipped alike, and with like accommodations.

We know of no rule that requires railroad companies to yield to the disposition of passengers to arbitrarily determine as to the coach in which they take passage. The conduct of the plaintiff below was upon an idea without the slightest reason. Having offered, as the statute provides, "accommodations equal in all respects in comfort and convenience to the first-class cars on the train, and subject to the rules governing other first-class cars," the company had done all that could rightfully be demanded.

We think it is evident that the purpose of the defendant in error was to harrass with a view to this suit, and that her persistence was not in good faith to obtain a comfortable seat for the short ride.

Judgment reversed, and judgment here for plaintiff in error.